UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Veto Pro Pac, LLC<br>   Plaintiff,<br>v.<br><br>Lowe's Companies, Inc.<br>   Defendant,<br>and<br>LG Sourcing, Inc.<br>   Defendant | )<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Veto Pro Pac, Incorporated alleges as follows:

### Jurisdiction and Venue

1. This is an action for patent infringement arising under the patent laws of the United States as set forth in Title 35, United States Code (hereinafter "35 U.S.C."), and for the related claims of trade dress infringement and unfair competition under Conn. Gen. Stat. § 42-110a *et seq.*, and for unjust enrichment. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 (a) and (b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 38 U.S.C. § 1391 and 1400 (a).

## Parties

3. Veto Pro Pac, LLC is a corporation organized under the laws of the State of Connecticut, having a principal place of business at P.O. Box 2072, Norwalk, Connecticut 06852-2072.

4. Upon information and belief, Lowe's Companies, Inc. is a company organized under the laws of North Carolina, having a principle place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117-8520.

5. Upon information and belief, LG Sourcing, Inc. is a company organized under the laws of North Carolina, having a principle place of business at 1605 Curtis Bridge Rd., North Wilkesboro, NC 28659-8659.

## Background

6. Plaintiff is, and has been at all times relevant to the matters alleged in this Complaint, engaged in the business of producing and marketing tool bags.

7. On February 5, 2003, Plaintiff filed an application for design patent entitled "Tool Bag" which was assigned Serial No. 29/175,497. On March, 9, 2004, the application issued as United States Patent No. D487,345 (the patent) a copy of which is attached hereto as Exhibit A.

8. On October 2, 2002, Plaintiff filed an application for a utility patent entitled "Tool Bag" which was assigned Serial No. 10/263,277 (the patent application). A copy of the patent application as published is attached hereto as Exhibit B. On March 10, 2005, a Notice of Allowance was mailed from the United States Patent and Trademark Office indicating that the patent application was allowed and that a United States Patent will issue on the patent application upon Plaintiff's payment of the issue fee, which was transmitted to the Patent Office on April 11, 2005.

9. Plaintiff is currently, and has been at all times relevant to the matters alleged herein, the owner of both the patent and the patent application.

10. Plaintiff has expended considerable expense and effort in obtaining patent protection, as well as in manufacturing, advertising, and promoting Plaintiff's patented tool bag.

11. Plaintiff's CEO Roger Brouard purchased a "Task Force" tool bag (hereinafter referred to as the "Tool Bag") at a Lowe's store on Long Island. A photograph of the Tool Bag is attached hereto as Exhibit C.

12. Upon information and belief LG Sourcing is owned by Lowe's Companies, Inc. and supplied the Tool Bag to Lowe's for sale in their retail outlets.

13. Defendants' actions violate Plaintiff's exclusive rights in the patent and the allowed patent application and constitute infringement thereof.

14. Defendants' have been and will continue to be unjustly enriched by making and selling a product that infringes Plaintiff's patent and patent application.

15. Defendants' actions have greatly and irreparably damaged plaintiff and will continue to do so unless restrained by the Court; wherefore Plaintiff is without adequate remedy at law.

## Count I

## Patent Infringement

16. Plaintiff realleges each and every allegation set forth in paragraphs 1-15, inclusive, and incorporates them herein by reference.

17. Plaintiff is the owner by assignment of the patent which was duly and legally issued by the United States Patent and Trademark Office on March 9, 2004.

18. Defendants have infringed the patent by making, using, offering for sale, and/or selling tool bags covered by the claim of the patent and will continue to do so unless enjoined by this Court.

19. Defendants' infringement of the patent has been knowing and willful.

20. Defendants' infringement of the patent has damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained.

## Count II

### Patent Infringement

21. Plaintiff realleges each and every allegation set forth in paragraphs 1-20, inclusive, and incorporates them herein by reference.

22. Plaintiff is the owner by assignment of U.S. Patent Application No. 10/263,277, for which a Notice of Allowance was duly and legally issued by the United States Patent and Trademark Office, and for which Plaintiff has made payment of the required fee to secure issue of a U.S. Patent.

23. Defendants have infringed the patent application by making, using, offering for sale and/or selling tool bags covered by the allowed claims of the patent application and will continue to do so unless enjoined by this Court.

24. Defendants' infringement of the patent application has been knowing and willful.

25. Defendants' infringement of the patent application has damaged Plaintiff in an amount that is unknown and cannot at the present time ascertained.

## Count III

## Unjust Enrichment

26. Plaintiff realleges each and every allegation set forth in paragraphs 1-25, inclusive, and incorporates them herein by reference.

27. As a result of the conduct of Defendants as described above, and unless the relief sought in this Complaint is granted, Defendants will unjustly benefit from, and be unjustly enriched by, their own intentional and wrongful acts.

28. To the extent that any unjust benefit or enrichment accrues, it is rightfully and equitably the property of Plaintiff since all of it will have directly flowed from the unlawful use of Plaintiff's property.

## Count IV

## Unfair Competition

29. Plaintiff realleges each and every allegation set forth in paragraphs 1-28, inclusive, and incorporates them herein by reference.

30. The foregoing acts of Defendants are a violation of the common law of the State of Connecticut and have violated the provisions of Conn. Gen. Stat. § 42-110a *et seq.* (the Connecticut Unfair Trade Practices Act).

31. The foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained and will continue to cause damage and injury to Plaintiff unless enjoined by this Court.

**WHEREFORE, as relief, Plaintiff prays that:**

1. That this Court permanently enjoin Defendants from infringing the patents, pursuant to 35 U.S.C. § 283.

2. That this Court award Plaintiff treble damages, pursuant to 35 U.S.C. § 284.

3. Plaintiff recovers its reasonable attorney's fees, costs, interest, and other expenses as allowed by 35 U.S.C. § 285 and/or any other applicable provisions and/or statutes.

4.   That Defendants be required to account to Plaintiff for all profits realized by Defendants from the sale of the infringing Tool Bag.

5.   That Plaintiff be awarded its damages for injury to goodwill and reputation caused by Defendants.

6.   That Plaintiff have such other and further relief, as this Court may deem just and equitable.

        Veto Pro Pac, LLC

        By _____
        Richard R. Michaud, Ct 17144
        Michaud-Duffy Group LLP
        306 Industrial Park Road, Suite 206
        Middletown, CT 06457
        Tel:  (860) 632-7200
        Fax:  (860) 632-8269
        Email:  Michaud@michaud-duffy.com